0AO 91 (Rev. 02/09) Criminal Complaint

# United States District Court
### for the
### Western District of New York

United States of America

v.

ALEJANDRO MEDINA-DE LUNA

*Defendant*

Case No. 25-MJ-595

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about June 30, 2025, in the Western District of New York, the defendant, **ALEJANDRO MEDINA-DE LUNA**, an alien, who had previously been denied admission, excluded, deported, and removed from the United States, on or about December 12, 2013, was found in the United States of America, without having obtained the express consent of the Attorney General of the United States or her successor, the Secretary for Homeland Security, to reapply for admission to the United States.

**In violation of Title 8, United States Code, Section 1326.**

This Criminal Complaint is based on these facts:

☒ Continued on the attached sheet.

*Complainant's Signature*

Border Patrol Agent Justen J. Silva
*Printed name and title*

Affidavit submitted by email/pdf and attested to me as true and accurate by telephone consistent with Fed.R.Crim. P. 4.1 and 4(d) before me this __2__ day of July, 2025.

Date: July 2, 2025

*Judge's signature*

City and State: Rochester, New York

Hon. Mark W. Pedersen, U.S. Magistrate Judge
*Printed name and title*

## AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT

STATE OF NEW YORK )
COUNTY OF MONROE )     ss.:
CITY OF ROCHESTER )

Justen J. Silva, being duly sworn, deposes and says that:

1. I am a Border Patrol Agent with the United States Border Patrol in Rochester, New York. I have been employed with the United States Border Patrol for over five years.

2. As part of my duties during my employment with the United States Border Patrol, I have investigated violations of the Immigration and Nationality Act and violations of the United States Code, particularly Title 8, United States Code, Section 1326 (Re-entry of Removed Aliens).

3. The information contained in this affidavit is based upon my personal knowledge and observations, my training and experience, conversations with other law enforcement officers and witnesses, and my review of documents, reports, and records gathered through the investigation of this case.

4. I make this affidavit in support of a criminal complaint charging ALEJANDRO MEDINA-DE LUNA with a violation of Title 8, United States Code, Section 1326 (Re-entry of Removed Aliens).

5. Since this affidavit is being submitted for the limited purpose of seeking a criminal complaint, I have not included every fact known to me concerning this investigation. I have set forth only the facts that I believe are necessary to establish probable cause to demonstrate that Title 8, United States Code, Section 1326 has been violated.

1

## PROBABLE CAUSE

6. Border Patrol Agents at the Rochester Border Patrol Station received information about an individual who was present in the United States illegally. The information identified Alejandro MEDINA-DE LUNA as a citizen and national of Mexico, illegally present in the United States and possibly residing at a specific address in the city of Geneva, New York.

7. Based on record checks, agents were able to determine that MEDINA-DE LUNA was previously apprehended by Border Patrol Agents in the state of Arizona and was issued an Expedited Removal in 2013.

8. In addition, record checks determined that on June 19, 2025, MEDINA-DE LUNA was arrested by the Geneva Police Department and charged with Criminal Mischief in the 4th Degree (Disabling Equipment to Prevent Emergency Call to Police/Fire/EMT) and Harassment in the 2nd Degree (Physical Contact). A temporary Order of Protection was issued against MEDINA-DE LUNA on June 23, 2025.

9. On June 30, 2025, Border Patrol Agents conducting surveillance in Geneva, New York, in the area of MEDINA-DE LUNA's known address, noticed an individual who matched the description of MEDINA-DE LUNA approximately one street away from the residence.

10. A Border Patrol Agent then approached MEDINA-DE LUNA on foot. The agent identified himself as a Border Patrol Agent, then questioned MEDINA-DE LUNA as to his name. MEDINA-DE LUNA replied, "Alejandro."

11. MEDINA-DE LUNA was not in possession of any immigration documents.

12. MEDINA-DE LUNA was placed under arrest and transported to the Rochester Border Patrol Station for further processing and investigation. At the station, MEDINA-DE LUNA admitted to being illegally present in the United States.

13. A query of immigration and criminal databases associated with MEDINA-DE LUNA's fingerprints revealed the following facts:

   a. MEDINA-DE LUNA is a citizen of Mexico.

   b. On December 10, 2013, MEDINA-DE LUNA was arrested by Border Patrol Agents near Casa Grande, Arizona. He was processed as an Expedited Removal.

   c. On December 11, 2013, MEDINA-DE LUNA was issued a Final Order of Removal. He was subsequently removed to Mexico on December 12, 2013, through Nogales, Arizona.

   d. On June 19, 2025, MEDINA-DE LUNA was arrested by the Geneva Police Department and was charged with Criminal Mischief in the 4th Degree (Disabling Equipment to Prevent Emergency Call to Police/Fire/EMT) and Harassment in the 2nd Degree (Physical Contact).

14. There is no evidence that MEDINA-DE LUNA received any authorization or approval from either the Attorney General of the United States or the Secretary of the Department of Homeland Security to re-enter the United States after his last removal.

## CONCLUSION

15. Accordingly, I respectfully submit that probable cause exists to believe that MEDINA-DE LUNA did commit the offense of unlawful re-entry after deportation or removal, in violation of 8 U.S.C. § 1326, in that he, a citizen and national of Mexico, having been issued an Order of Removal from the United States on December 11, 2013, and physically removed from the United States to Mexico on or about December 12, 2013, was thereafter unlawfully found in the United States on June 30, 2025, without first having

obtained the consent of the Attorney General, or her successor, the Secretary of the Department of Homeland Security.

_____
Justen J. Silva
Border Patrol Agent
United States Border Patrol

Affidavit submitted electronically by email in .pdf format. Oath administered and contents and signature attested to me as true and accurate telephonically pursuant to Fed. R. Crim. P. 4.1 and 4(d) on this __2__ day of July, 2025.

_____
HON. MARK W. PEDERSEN
UNITED STATES MAGISTRATE JUDGE